

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERARD F. SCOTT, | ) | CASE NO. 1:12 CV 709 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| DANIEL S. POCEK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Gerard F. Scott filed the above captioned action against City of Bedford, Ohio Mayor Daniel S. Pocek, Bedford Municipal Court Judge Brian J. Melling, Bedford Municipal Court Clerk Leanne Collier, and Charles A Bakula. In the Complaint, Plaintiff alleges he was denied due process, civil rights, and commercial rights. He seeks One Hundred Million Dollars in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## Background

Plaintiff's Complaint is completely incomprehensible. He states he sent a registered letter to Mayor Pocek. He indicates the letter was returned to him unclaimed. He states the green card on the envelope had been detached and then taped back on the envelope, which he alleges means the

package was "accepted but not signed for." (ECF No. 1 at 2.) He seeks Thirty Million Dollars from the Mayor.

Plaintiff further alleges he received in the mail "an international commercial-contract from Brian J. Melling, acting as a judge, and Ms. Leanne Collier acting as deputy clerk...ordering my [sic] to appear in court for bonded court docket 11CRB01248." (ECF No. 1 at 2.) This document was an order to Plaintiff to show cause why he should not be held in direct contempt of court for failing to appear for a status hearing in a criminal matter pending against Plaintiff for falsification, obstructing official business, resisting arrest, and possession of drugs.

Plaintiff claims he sent a document he titled "Explicit Notification of Reservation of Rights UCC1-207/UCC1-308" to the Mayor. (ECF No. 1 at 3.) Although the Mayor did not sign for the package, which was returned unclaimed, Plaintiff alleges the criminal charges against him were settled by this letter. He asserts that the Bedford Municipal Court nevertheless continues to issue warrants for his arrest despite his mailing of the notification document. (ECF No. 1 at 3.) He seeks Fifty Million Dollars from Judge Melling and Ms. Collier.

Plaintiff's claim against Charles Bakula is less defined. He states only that he mailed a registered letter to Mr. Bakula and it was returned unclaimed on March 5, 2012. He contends he is seeking Twenty Million Dollars from Mr. Bakula because he "held [the document] all the way till March 5, 2012." (ECF No. 1 at 2.)

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

## Discussion

Although the allegations in his Complaint are, at best, attenuated, it appears Plaintiff filed this action in an attempt to get this Court to recognize his UCC notification document sent by registered mail as a legitimate means of disposing of criminal charges still pending against him in the Bedford Municipal Court. This Court cannot entertain Plaintiff's collateral attack on a pending state court criminal action.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. Plaintiff provides the court's docket indicating the charges against him are still pending and this Court acknowledges that state court

criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Moreover, even if Plaintiff's allegations could be construed in a way which did not challenge the pending criminal charges, he fails to state a claim upon which relief can be granted. He merely states that his due process, civil rights and commercial rights were violated.

The Fourteenth Amendment provides that "no person shall be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). To assert a claim for denial of procedural due process, Plaintiff must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendants

deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). He is not challenging an established state procedure, nor is he claiming the Defendants refused to follow an established state procedure. Instead, Plaintiff developed his own document and his own procedure and demanded compliance with it. The Defendants' refusal to acknowledge or respond to Plaintiff's demands is not a denial of due process.

Plaintiff's assertion of violation of his civil rights and commercial rights is insufficient to state a claim. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Iqbal*, 129 S.Ct. at 1949; *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. The factual allegations in the Complaint are so brief and attenuated that it is impossible to construe an actual legal claim against any of the Defendants.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                  /s/ Donald C. Nugent
                  DONALD C. NUGENT
                  UNITED STATES DISTRICT JUDGE

Dated: July 23, 2012

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.